UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACQUE CUGGINO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:15-CV-250-CEJ ) |
| NATIONWIDE INSURANCE COMPANY OF AMERICA, | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss Count II of the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has responded in opposition, and the issues are fully briefed.

### I. Background

Plaintiff Jacque Cuggino's house sustained extensive damage in a 2014 fire, rendering it uninhabitable. At the time of the fire, the house was insured by defendant Nationwide Insurance Company of America. Plaintiff filed a report and proof of loss, claiming damages in excess of $374,797.00, but defendant refused to pay any amount in excess of $133,434.82.

In Count I of the complaint, plaintiff asserts a claim of breach of contract. She seeks to recover damages resulting from the loss and statutory penalties for the defendant's alleged vexatious refusal to pay the claim. *See* Mo. Rev. Stat. § 375.420. In Count II, plaintiff asserts a claim of breach of fiduciary duty. Plaintiff alleges that a fiduciary relationship existed between her as the insured and defendant as the insurer. She further alleges that defendant breached its duty by (a) failing to make timely payment of the loss under the insurance policy; (b) failing

to pay plaintiff the amount owed under the policy "for purposes of exploiting" various internal acrimony among" defendant's employees; (c) "failing to even contemplate the damages" to the basement of the house; (d) "failing to advise" plaintiff of "pertinent benefits, coverages, and other provisions of" the insurance policy; (e) "failing to timely and properly respond to" communications from plaintiff about her claim; and (f) "failing to timely and properly investigate and settle" plaintiff's claim. *Complaint, ¶ 23.*

Defendant moves to dismiss Count II, arguing that any duties it owed to plaintiff arise from the insurance policy on which the breach of contract and vexatious refusal to pay claims are based, not from any fiduciary relationship.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Scheuer*, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550

U.S. at 570; *see id.* at 563 (stating that the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in *Twombly* applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III. Discussion

Missouri law applies in this diversity action. *Doe v. Hagar*, 765 F.3d 855, 860 (8th Cir. 2014) (quotation marks and citation omitted). "When an insurance company wrongfully refuses payment of a claim to its insured, the company has simply breached its contract. Damages for breach of contract are limited to the loss of the benefit itself." *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 67 (Mo. 2000) (en banc). "No tort claim has supplanted or supplemented the basic contract claim and remedy where an insurance company wrongfully refuses to pay a loss incurred by its own insured." *Id.* Pursuant to Mo. Rev. Stat. § 375.420, "in circumstances where the refusal is 'vexatious,' the basic contract remedy is enhanced. Where the refusal is not 'vexatious' but is nonetheless wrongful, only contract damages can be recovered." *Id.* at 68–69.

However, an insured may also pursue "claims premised on tort concepts" that are "not dependent on the elements of the contract claim," and, in such circumstances, "the extent of the damages is not confined to the liability amount stated in the policy." *Id.* at 68. Such circumstances may exist, for example, where an insured brings a freestanding defamation claim against the insurer. *Id.* Here, plaintiff contends the breach of fiduciary duty claim is independent of the breach of contract and vexatious refusal to pay claims, and therefore also actionable.

In Missouri, "[a] claim for breach of fiduciary duty has four elements: (1) the existence of a fiduciary relationship between the parties, (2) a breach of that fiduciary duty, (3) causation, and (4) harm." *Dairy Farmers of Am., Inc. v. Travelers Ins. Co.*, 292 F.3d 567, 572 (8th Cir. 2002) (citation omitted); *see W. Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 15 (Mo. 2012) (en banc) (same). "Whether a fiduciary duty exists is a question of law" in Missouri. *Roberts*, 367 S.W.3d at 15. "A fiduciary relationship may arise as a matter of law by virtue of the parties' relationship, *e.g.*, attorney-client, or it may arise as a result of the special circumstances of the parties' relationship where one places trust in another so that the latter gains superiority and influence over the former." *Pool v. Farm Bureau Town & Country Ins. Co.*, 311 S.W.3d 895, 907 (Mo. Ct. App. 2010) (quotation marks and citation omitted).

"As a general principle, no fiduciary duty exists between an insurer and its insured under Missouri law." *Dairy Farmers of Am., Inc.*, 292 F.3d at 572. "However, an insurer-insured fiduciary relationship can arise in certain circumstances, especially if the insurer is 'entrusted to defend a claim on behalf of the insured.'" *SSM Health Care Corp. v. Repwest Ins. Co.*, No. 4:14-CV-1552-CDP, 2014 WL 5800214, at *2 (E.D. Mo. Nov. 7, 2014) (quoting *Koger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 411 (Mo. Ct. App. 2000)); *see Overcast*, 11 S.W.3d at 68 ("While an insurance contract is the basis for the relationship between the insurer and its insured, 'bad faith' liability in handling third-party claims is premised on tort concepts and the extent of the damages is not confined to the liability amount stated in the policy.").

Courts interpreting Missouri law have found a fiduciary duty between an

4

insured and her insurer only in rare circumstances. The general principle that no such duty exists applies where, as here, "the insured is making a first party claim against the insurer." *Pool*, 311 S.W.3d at 905–06. As *Pool* explains, "[i]n the situation where a third party is suing an insurer's policy holder, it is the insurance company's control over the claim that creates a fiduciary relationship between insurer and insured. When the insured is suing its own insurance company, the opposite is true[.]" *Id.* at 907 (citing *Duncan v. Andrew Cty. Mut. Ins. Co.*, 665 S.W.2d 13, 19 (Mo. Ct. App. 1983)). "In first party claims by insureds against insurers . . . the parties occupy a contractually adversary or creditor-debtor status as opposed to standing in a fiduciary relationship." *Id.* (quoting *Duncan*, 665 S.W.2d at 19); *cf. Grewell v. State Farm Mut. Auto. Ins. Co.*, 162 S.W.3d 503, 509 (Mo. Ct. App. 2005) (holding "an insurer[] who is entrusted to defend a claim on behalf of the insured[] acts in a fiduciary capacity"). Likewise, an insurer's employees do not owe fiduciary duties to an insured, because an "insurance agent works for . . . a particular insurer" and so "is ordinarily an agent of the insurer and not an agent of the insured." *Emerson Elec. Co. v. Marsh & McLennan Cos.*, 362 S.W.3d 7, 12 (Mo. 2012) (en banc).

Though "circumstances other than the defense of an action can create a fiduciary relationship between an insurer and an insured under Missouri law," the cases that endorse that proposition pertain to safeguarding an insured's confidential records. *Hartford Accident & Indem. Co. v. Doe Run Res. Corp.*, No. 4:08-CV-1687-CAS, 2009 WL 1124945, at *3 (E.D. Mo. Apr. 27, 2009). For example, an insurer engaged in settlement negotiations on behalf of its insured may have a fiduciary duty to "safeguard the confidential information" provided by the insured.

5

*Id.* A similar fiduciary duty may arise when an insured "turn[s] over privileged medical records to the insurer," such that the insurer "owes a fiduciary duty to ensure the confidentiality of the medical records." *Inghram v. Mut. of Omaha Ins. Co.*, 170 F. Supp. 2d 907, 911 (W.D. Mo. 2001).

The allegations with respect to the manner in which defendant breached its fiduciary duty (*Complaint ¶ 23*) stem from the parties' relationship as insurer and insured, which itself arises from the insurance contract. None of the allegations in the complaint give rise to a plausible claim that defendant owed a fiduciary duty to plaintiff. Therefore, Count II will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Count II of the complaint for failure to state a claim [Doc. #15] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of January, 2016.