UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACQUE CUGGINO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15-CV-00250-CEJ |
| | ) |
| NATIONWIDE INSURANCE COMPANY | ) |
| OF AMERICA | ) |
| | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's amended bill of costs pursuant to 28 U.S.C. § 1920. Plaintiff objected to the original bill of costs, but she has not filed a response to the amended bill of costs and the time allowed for doing so has expired.

### I.   **Background**

On August 2, 2016, a jury found in favor of defendant on plaintiff's breach of an insurance contract and vexatious refusal claims. Defendant timely filed its bill of costs, seeking a total of $8,116.69. [Doc. #110]. Plaintiff filed three objections to defendant's bill of costs. [Doc. #113]. Defendant subsequently amended its bill of costs and now requests $6,722.89.[1] [Doc. #115]. The amended bill of costs reflects the defendant's concession to two of plaintiff's objections. Accordingly, the Court will address only the third objection.

---

[1] Nationwide's amended bill of costs requests $400.00 for fees of the Clerk, $2,162.55 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case, $393.18 for fees and disbursements for printing, $129.00 for fees for witnesses, and $3,638.16 for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

## II. Legal Standard

Federal Rule of Civil Procedure 54(d) grants district courts "broad discretion" over the award of costs to prevailing parties. *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009). But, there are limits on this discretion – "such costs must be set out in 28 U.S.C. § 1920 or some other statutory authorization." *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). Under § 1920, a judge or clerk of a court may tax as costs:

> (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6).

Under Rule 54(d) a prevailing party is "presumptively entitled to recover all of its costs." *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005). The burden is on the losing party to demonstrate that a request is inequitable. *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002). Incurred costs must, however, be "'necessarily obtained' for use in the case." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 364 (8th Cir. 1997).

## III. Discussion

Plaintiff's third objection is directed to defendant's claim to fees for exemplification and the costs of making copies in the amount of $3,638.16. Plaintiff argues that the amount claimed is unreasonable. Specifically, she contends defendant seeks to recover costs for over 10,000 pages of trial exhibits when it

2

used fewer than 100 pages at trial. Defendant responds that the 10,000 pages of documents were "required for use in the trial." [Doc. #116]. Defendant further explains that the full cost was required because (1) plaintiff submitted different versions of exhibits, precipitating reprinting, (2) plaintiff identified all photographs produced by either party as an exhibit, (3) defendant ultimately offered into evidence approximately 1,200 pages of exhibits, (4) defendant produced copies of each exhibit for the Court, opposing counsel, and the witness, and (5) the Court's rulings on redacting documents prompted reprinting. [Doc. #116 at 2]. The Court finds that the exhibits defendant actually or intended to introduce at trial were necessarily obtained for use in the case, and constitute "the cost of actually trying a case in the courtroom." *See, e.g., Jones v. National American University*, No. CIV. 06-5075-KES, 2009 WL 2005293, at *6–7 (D. S.D. July 8, 2009) (addressing copying costs of trial exhibits). Therefore, plaintiff's objection is overruled. Costs for exemplification and copying in the total amount of $3,638.16 will be taxed.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's amended motion for bill of costs [Doc. #115] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs in favor of defendant and against plaintiff in the sum of $6,722.89.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of November, 2016.