UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JACQUE CUGGINO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:15-CV-00250-CEJ |
| NATIONWIDE INSURANCE COMPANY OF AMERICA, | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Jacque Cuggino for a new trial pursuant to Fed.R.Civ.P. 59(a)(1)(A). Defendant Nationwide Insurance Company of America has filed a response in opposition, and the issues are fully briefed.

On January 11, 2014, plaintiff's residence was damaged due to an accidental fire. Plaintiff subsequently submitted a claim under her homeowner's policy issued by defendant. Plaintiff sought payment of the maximum amount allowed under the relevant provisions of the policy. After inspecting the property, defendant valued the loss at an amount lower than that claimed by plaintiff and paid her accordingly. Plaintiff brought this action claiming that defendant breached the policy by failing to compensate her fully for the damage. She also asserted a vexatious refusal claim. On August 2, 2016, a jury returned a verdict in favor of defendant.

Rule 59 "confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict." *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996). District courts "enjoy broad

discretion" in determining whether to grant a new trial. *Pulla v. Amoco Oil Co.*, 72 F.3d 648, 656 (8th Cir. 1995). "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." *Id.* "In determining whether a verdict is against the weight of the evidence, the trial court can rely on its own reading of the evidence — it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *Harris v. Sec'y U.S. Dep't of Army*, 119 F.3d 1313, 1318 (8th Cir. 1997) (quotations and citation omitted). The district court, however, may not "reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Id.* And a party may not use a motion for a new trial "to introduce new evidence, tender new legal theories, or raise arguments that could have been offered or raised prior to entry of judgment." *Parton v. White*, 203 F.3d 552, 556 (8th Cir. 2000).

A miscarriage of justice does not result whenever there are inaccuracies or errors at trial; instead, the party seeking a new trial must demonstrate that there was prejudicial error. *Buchholz v. Rockwell Int'l Corp.*, 120 F.3d 146, 148 (8th Cir. 1997). Errors in evidentiary rulings or in jury instructions are only prejudicial, and therefore only represent a miscarriage of justice that requires a new trial, where the error likely affected the jury's verdict. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 720 (8th Cir. 2008); *Diesel Mach., Inc. v. B.R. Lee Indus., Inc.*, 418 F.3d 820, 833 (8th Cir. 2005).

In the instant motion, plaintiff asserts the following claims of error which she argues entitle her to a new trial: (1) that the Court erred in admitting photographic evidence of water damage and mitigation in connection with an insurance claim that plaintiff made in 2012; (2) that the Court improperly excluded evidence of the costs of dwelling repair and replacement; and (3) that the Court's exclusion of code upgrade costs evidence was erroneous and prejudicial. The Court addressed these issues during the trial and articulated the reasons for either allowing or excluding the evidence cited by plaintiff. Plaintiff offers no new arguments here, and the Court will not revisit its prior rulings.

Finally, plaintiff argues that the jury's verdict was against the weight of the evidence. The Court finds that there was sufficient evidence presented at trial from which the jury could have reasonably concluded that the defendant met all of its obligations under the policy.

***

For the above reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion for a new trial pursuant to Fed.R.Civ.P. 59 [Doc. #111] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of November, 2016.